UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> GREGS TAVERN LLC d/b/a GREG'S TAVERN and GRIGOR QIRJAZI, <br><br> Defendants. | CASE NO.: |

## COMPLAINT

Plaintiff JOE HAND PROMOTIONS, INC., by and through its attorneys, for its Complaint against Defendants GREGS TAVERN LLC d/b/a GREG'S TAVERN and GRIGOR QIRJAZI, hereby alleges as follows:

### THE PARTIES

1. Plaintiff JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road, Feasterville, PA 19053. Plaintiff held the exclusive commercial distribution rights to *Deontay Wilder vs. Tyson Fury II* on February 22, 2020, including all undercard bouts and commentary (the "Program").

2. Upon information and belief, Defendant GREGS TAVERN LLC:

    a. is a business entity, the exact nature of which is unknown;

    b. is a business that conducts business in the Commonwealth of Massachusetts;

    c. conducted business as Greg's Tavern on the date of the Program;

      d.    operates, maintains, and controls the establishment known as Greg's Tavern located at 208 Rantoul Street Beverly, MA 01915 (the "Establishment"); and

      e.    operated, maintained, and controlled the Establishment on the date of the Program.

3. Upon information and belief, Defendant GRIGOR QIRJAZI is an individual residing in the Commonwealth of Massachusetts. On the date of the Program, Defendant GRIGOR QIRJAZI:

      a.    was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

      b.    had a right and ability to supervise the activities of the Establishment; and

      c.    had an obvious and direct financial interest in the activities of the Establishment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

5. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

## FACTS

6. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

7. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar

establishments. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

8. By contract, Plaintiff was granted the exclusive right to license and distribute the Program to commercial establishments throughout the United States. The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable and satellite systems via satellite signal.

9. Plaintiff entered into subsequent agreements with various commercial establishments in the Commonwealth of Massachusetts that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Program to those establishments in the Commonwealth of Massachusetts.

10. Prior to the broadcast of the Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Program in the Establishment for a fee. However, Defendants chose not to contract with Plaintiff or pay a fee to Plaintiff to obtain the proper license or authorization. At no time did Plaintiff give Defendants license, permission or authority to receive and exhibit the Program in the Establishment.

11. By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communications of the Program or assisted in such actions. Defendants then unlawfully transmitted, divulged and published said communications, or assisted in unlawfully transmitting, divulging and publishing said communications to patrons in the Establishment.

12. Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited the Program to the patrons within the Establishment.

13.     Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

14.     At the time of the wrongful conduct described herein, Defendants' agents, servants and employees were in fact Defendants' agents, servants and employees, and acting within the scope of their employment and authority as Defendants' agents, servants and employees.

## SATELLITE PIRACY/CABLE PIRACY

15.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

16.     Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

17.     Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

18.     Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a.    for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, in the discretion of this Court of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553;

    b.    for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

    c.    for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Dated:    By: /s/ Robert E. Girvan, III, _____

Robert E. Girvan, III, Esq.
BBO# 569063
WEINER LAW FIRM, P.C.
1441 Main Street, Suite 610
Springfield, MA 01103
gweiner@weinerlegal.com
rgirvan@weinerlegal.com
Tel. No. (413) 732-6840
Fax. No. (413) 785-5666